Citation Nr: 1730419 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 13-16 537 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to a disability rating in excess of 50 percent for posttraumatic stress disorder (PTSD) with major depression.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T.Y. Hawkins, Counsel






INTRODUCTION

The Veteran served honorably on active duty with the United States Army from September 2002 to January 2008, including combat duty in the Gulf War. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. 

In June 2015 the Board, inter alia, denied the claim. Subsequently, the Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In a March 2017 Memorandum Decision, the Court set aside and remanded the decision to the Board for further development consistent with an order from the Court.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In July 2013, the Veteran was afforded a VA examination to determine the severity of his PTSD with major depression. Unfortunately, the examination report does not contain the information necessary to make an informed decision on the claim. The Court found that, in denying the Veteran's claim, the Board failed to discuss the frequency, severity and duration of the Veteran's symptoms. The Court further found that the VA examination lacked sufficient detail to support the Board's decision because the examiner did not provide a clear statement of facts or a rationale for his opinion. Accordingly, and since it has been four years since the 2013 examination, a remand for a current VA examination is warranted. 

In addition, because the only treatment reports of record are dated in March 2013, the AOJ must obtain and associate with the record the Veteran's mental health treatment records for the entirely of the period on appeal.
Accordingly, the case is REMANDED for the following action:

1. Make arrangement to obtain the Veteran's VA mental health treatment records since February 2011 and associate with the record. If any identified records are not obtainable (or none exist), the Veteran should be notified and the record clearly documented. 

2. After all available records have been associated with the record, arrange for the Veteran to undergo a VA examination with an appropriately qualified examiner to determine the current severity of his PTSD with major depression. The e-folder must be made available to the examiner in conjunction with the examination and the examiner must note that the records have been reviewed. Any and all tests and evaluations deemed necessary must be performed and the clinical findings must be reported in detail. The examiner must elicit a complete history of the Veteran's symptomatology and problems, and note that, in addition to the examination findings, the Veteran's self-reported history has been considered. The examiner must review and specifically comment on the previous May 2012 and July 2013 examination reports.

After examining the Veteran and reviewing the claims file, the examiner is asked to:

* Identify what symptoms the Veteran currently manifests or has manifested in the recent past that are attributable to his service-connected PTSD with major depression, including the frequency, severity and duration of such symptoms. The examiner must conduct a detailed mental status examination.

* Specifically describe the effects of the Veteran's PTSD and major depression on social and occupational functioning and activities of daily living. The examiner should provide a description of the symptoms resulting in those levels of impairment. 

A complete rationale for all opinions and conclusions should be provided.

3. After insuring that the requested development has been completed, readjudicate the claim on appeal. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be provided with a Supplemental Statement of the Case and afforded the opportunity to respond thereto. The matter should then be returned to the Board, if in order, for further appellate process.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



 
_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals
Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).